

**FILED**
JUL 30 2009
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RAVEN INDUSTRIES, INC., | Civ. No. 09- 4118 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| SWISSLOG d/b/a TRANSLOGIC CORPORATION, | |
| Defendants. | |

Plaintiff, Raven Industries, Inc., by and through its undersigned attorneys, and for its claims and causes of action against the above-named Defendant, states and alleges as follows:

1. Plaintiff Raven Industries, Inc., ("Raven") is a corporation organized and existing under the laws of the State of South Dakota with its principal place of business in Sioux Falls, Minnehaha County, South Dakota.

2. Defendant Swisslog d/b/a Translogic Corporation ("Swisslog-Translogic") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Denver, Colorado.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity of citizenship exists between the parties. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c). The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Swisslog-Translogic transacts business in the State of South Dakota and has otherwise purposefully availed itself to the State of South Dakota.

5. At all times material hereto, Raven has been in the business of manufacturing

various component parts for use in devices in the medical and healthcare industries.

6. At all times material hereto, Swisslog-Translogic, either in its own name or through a division known as "Healthcare Solutions," has been in the business of supplying various devices and products to the medical and healthcare industries, including in the State of South Dakota.

7. On or about February 11, 2004, Raven entered into a contract with Swisslog-Translogic entitled "Master Ordering Agreement" whereby Raven would manufacture and sell to Swisslog-Translogic various products that Swisslog-Translogic, in turn, would sell in the medical and healthcare marketplace. A true and correct copy of the "Master Ordering Agreement" is attached hereto as Exhibit A and incorporated herein by this reference.

8. At all times material hereto, Raven reasonably believed it was doing business with "Swisslog." Swisslog-Translogic and its officers, employees and personnel and/or that of Swisslog Healthcare Solutions allowed Raven to believe it was doing business with "Swisslog."

9. The "Master Ordering Agreement" contains a choice of law provision and requires the application of South Dakota law to any dispute.

10. The products to be manufactured by Raven and sold to Swisslog-Translogic under the "Master Ordering Agreement" were unique to Swisslog-Translogic and were marketed to the medical and healthcare industries by Swisslog-Translogic.

11. Under the "Master Ordering Agreement," Raven's manufacture of products and devices was exclusively for Swisslog-Translogic and Raven could not sell said products and devices to any other entity.

12. Following the execution of the "Master Ordering Agreement" on or about February 11, 2004, the parties enjoyed a mutually beneficial business relationship.

13. On or about October 10, 2008, Swisslog-Translogic communicated to Raven that Swisslog-Translogic was not interested in having Raven continue to build and manufacture various products and devices.

14. Soon thereafter in October of 2008, representatives of the parties met in Sioux Falls, South Dakota, for the purpose of developing a strategy to terminate their multi-year business relationship in an organized and planned manner.

15. On or about November 12, 2008, and as result of the parties' efforts to develop a strategy for the termination of their business relationship, the parties entered into a contract entitled "Amendment to Raven-Swisslog Master Ordering Agreement – Business Relationship Exit Agreement" (hereinafter referred to as "the BREA"). A true and correct copy of the BREA is attached hereto as Exhibit B and incorporated herein by this reference.

16. The BREA is signed by Kim Ward, Director of Logistics, and David Bowers, Purchasing Supervisor, on behalf of Swisslog International, Inc.

17. Upon information and belief, Swisslog International, Inc., is a "doing business as" name for Swisslog generally and/or Swisslog-Translogic or is the alter ego of Swisslog generally and/or Swisslog-Translogic. Both Kim Ward and David Bowers had the actual, apparent and/or ostensible authority to sign the BREA on behalf of Swisslog and/or Swisslog-Translogic.

18. Through the actions and/or omissions of various officers, employees and personnel, Swisslog generally and/or Swisslog-Translogic reasonably allowed Raven to believe that it was doing business with Swisslog generally and/or

Swisslog-Translogic when it entered into and signed both the "Master Ordering Agreement" and/or the BREA.

19. The BREA, in general, established the methods and means by which the parties would address the termination of their business relationship, including, but not limited to, accounts payable, the payment and delivery of finished goods, the payment and delivery of TU and IQ inventory, and the payment and delivery of other residual inventory.

20. Raven, pursuant to the terms of the BREA, fully performed its duties and obligations there under and in accordance with the terms and conditions of the BREA.

21. Swisslog-Translogic, while performing some of its obligations under the BREA, failed to perform other of its duties and obligations under the BREA and breached its terms and conditions by failing to pay Raven for various documented and accounted for inventory.

22. On or about November 12, 2008, the parties executed the BREA which established the terms and conditions for the termination of their business relationship.

23. The BREA obligated the Defendants to pay Raven for inventory in Raven's possession that Raven manufactured and assembled for Swisslog-Translogic pursuant to the "Master Ordering Agreement."

24. Raven fully performed its duties and obligations under the BREA by, among other things, ceasing production in accordance with the BREA's terms and conditions, submitting to Swisslog-Translogic detailed pricing and inventory information to substantiate its claim for payment for inventory as set forth in the

4

BREA, and by trying, albeit unsuccessfully, to sell said inventory to other entities as directed by Swisslog even though Raven had no contractual obligation to do so.

25. Pursuant to the BREA, Swisslog-Translogic owes Raven $233,142.10 for Swisslog-Translogic's inventory in Raven's possession that Swisslog-Translogic was obligated to purchase.

26. Swisslog-Translogic, despite proper and timely demand for payment by Raven, has refused to do so.

27. Swisslog-Translogic's failure to pay Raven $233,142.10 for inventory constitutes a material breach of the BREA.

28. As a direct and proximate result of Swisslog-Translogic's material breach of the BREA and its failure to pay Raven for inventory, Raven has been damaged in the amount of $233,142.10, plus prejudgment and post-judgment interest, and plus other incidental and consequential damages.

**WHEREFORE**, Raven respectfully requests that Judgment be entered against the Defendant as follows:

1. Compensatory damages in the amount of $233,142.10 for Defendant's breach of the parties contract, plus any and all other damages caused by Defendant's breach, in an amount to be determined by the jury at trial;

2. Prejudgment and post-judgment interest;

3. Its costs and disbursements of this proceeding, including reasonable attorneys' fees; and

4. Such other relief as the Court deems just and equitable.

Dated this 30th day of July, 2009.

Gary J. Pashby
Michael F. Tobin
Boyce, Greenfield, Pashby & Welk, L.L.P.
101 North Phillips Avenue Suite 600
P.O. Box 5015
Sioux Falls, SD  57117-5015
(605) 336-2424
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable by a jury.